Curia, per
Johnson, J.
Warrants of attorney have never, within my experience, been in use in our courts. *365 The general integrity of the gentlemen of the profession, furnishes a security against their taking upon themselves to defend or prosecute a cause without the authority of the party ; and when we add to this, the difficulty of concealing such a practice, and their accountability in the event of detection, I cannot well perceive why they were ever thought necessary, otherwise than as protection to the counsel himself. The objection to the admissibility of the written examination of the witness, Ludlow, arises out of an agreement between the counsel, that it should be read in evidence, with a reservation on the part of the defendant’s counsel, that it should not be read if his client should object to it. It is not questioned that the counsel were competent to make this agreement, and that their clients were bound by it; and I think it is equally clear, that the reservation is not inconsistent with it. The counsel might not think proper to conclude the rights of his client without his assent, and that was the object of the reservation or proviso in this agreement ; and unquestionably, the defendant himself might have dissented. But the dissent here was by the counsel himself, and, as he candidly admits, without the knowledge of his client, for he had not communicated with him on the subject. This was not the case provided for in the agreement. The attorney was bound, although the client might have dissented. The evidence was, therefore, properly admitted.
Motion dismissed.
O’Neall, J. concurred.